IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD DOYLE,**

    **Petitioner,**

v.

**UNITED STATES OF AMERICA,**

    **Respondent.**

**CASE NO. 2:19-CV-1345**
**CRIM. NO. 2:16-CR-145**
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Chelsey M. Vascura**

## OPINION AND ORDER

On November 27, 2019, the Magistrate Judge issued a Report and Recommendation recommending that all of Petitioner's claims, with the exception of his claim that he was denied the effective assistance of counsel during pre-trial negotiations, be dismissed, and that counsel be appointed to represent Petitioner at an evidentiary hearing on his claim that he was denied the effective assistance of counsel during pre-trial negotiations. (ECF No. 92.) Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. (ECF No. 94.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's Objection (ECF No. 94) is **OVERRULED**. The Report and Recommendation (ECF No. 92) is **ADOPTED** and **AFFIRMED**. All of Petitioner's claims, with the exception of his claim that he was denied the effective assistance of counsel during pre-trial negotiations, are hereby **DISMISSED**. Counsel shall be appointed to represent Petitioner at an evidentiary hearing on his sole remaining claim that he was denied the effective assistance of counsel during pre-trial negotiations.

The Court **DECLINES** to issue a certificate of appealability.

## I. Motion for Judicial Notice

Petitioner has filed a Motion for Judicial Notice, indicating that he filed hand-written objections due to the "lock down" status of the prison where he is currently incarcerated. (ECF No. 93.) The Court accepts the filing of Petitioner's hand-written objections. The Motion for Judicial Notice (ECF No. 93) therefore is **DENIED**, as moot.

## II. Objections

Petitioner objects to the recommendation of dismissal of his claim that he was denied the effective assistance of counsel based on his attorneys' failure to investigate Theresa Montgomery's mental health issues. Police stopped Petitioner's car and found a firearm under the driver's seat when Montgomery identified Petitioner as the man with a gun who had threatened her earlier that evening. *See United States v. Doyle*, 720 F. App'x 271, 273075 (6th Cir. 2018). According to the Petitioner, his attorneys acknowledged, during a September 23, 2016 telephone conference, that they had failed to conduct an adequate investigation into Montgomery's mental health and how it may have affected her credibility as a witness. He additionally refers to all of the arguments he previously presented in this regard. These arguments, however, do not assist him. As previously discussed, defense counsel challenged Montgomery's reliability as a witness on cross-examination. Moreover, nothing in the record indicates that further any investigation of Montgomery's mental health would have assisted the defense. This claim therefore fails. Petitioner cannot establish prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984).

Petitioner objects to the recommendation of dismissal of his claim under *Rehaif v. United States*, -- U.S. --, 139 S.Ct. 2191, 2200 (2019) (holding that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a

firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm.") The Supreme Court issued its decision in *Rehaif* issued long after Petitioner's judgment of conviction became final. Petitioner argues that *Rehaif* nonetheless provides him relief despite evidence indicating that Petitioner knew he could not possess a firearm due to his prior criminal convictions. Again, these arguments are not persuasive. Courts to consider the issue have held that *Rehaif* does not apply retroactively to cases on collateral review. *See United States v. May*, Nos. 3:16-cr-127, 3:19-cv-369, 2019 WL 6310195, at *2 (S.D. Ohio Nov. 25, 2019); *Moore v. United States*, No. 2:19-cv-02572-TLP-tmp, 2019 WL 4394755, at * (W.D. Tenn. Sept. 12, 2019) (citing *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019); *United States v. Grigsby*, No. 12-10174-JTM, 2019 WL 3302322, at *1 (D. Kan. July 23, 2019)). This Court agrees with that conclusion.

For these reasons and for the reasons detailed in the Magistrate Judge's Report and Recommendation, Petitioner's Objection (ECF No. 92) is **OVERRULED**. The Report and Recommendation (ECF No. 92) is **ADOPTED** and **AFFIRMED**. All of Petitioner's claims, with the exception of his claim that he was denied the effective assistance of counsel during pre-trial negotiations, are hereby **DISMISSED**. Counsel shall be appointed to represent Petitioner at an evidentiary hearing on his sole remaining claim that he was denied the effective assistance of counsel during pre-trial negotiations.

Pursuant to Rule 11 of the Rules governing Section 2255 Proceedings for the United States District Courts, the Court must also assess whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court."

*Jordan v. Fisher*, —— U.S. ——, ——, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)).

When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

The Court is not persuaded that reasonable jurists would debate this Court's resolution of Petitioner's claims. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed in forma pauperis on appeal should be **DENIED**.

**IT IS SO ORDERED.**

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**