IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RICHARD JEREL DOYLE,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:19-CV-1345
CRIM. NO. 16-CR-145
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## ORDER AND REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings a Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 71) and a Motion for Leave to Conduct Discovery Prior to Evidentiary Hearing (ECF No. 104). The sole issue remaining for this Court's review involves Petitioner's claim that he was denied the effective assistance of counsel during pretrial negotiations. On July 29, 2021, the undersigned conducted an evidentiary hearing on this issue. After so doing, the undersigned concludes that the sole remaining claim lacks merit and therefore **ORDERS** that the Motion to Conduct Discovery be **DENIED AS MOOT** and **RECOMMENDS** that this action be **DISMISSED**.

## I. BACKGROUND

On September 27, 2016, Petitioner was found guilty of being a felon in possession of a firearm. (ECF No. 41.) On June 15, 2017, the Court sentenced Petitioner to 100 months imprisonment, to be followed by 3 years supervised release. (ECF Nos. 59, 60.) Petitioner appealed, and the United States Court of Appeals for the Sixth Circuit affirmed his conviction. *United States v. Doyle*, 720 F. App'x 271 (6th Cir. 2018). On April 10, 2019, Petitioner filed a *pro se* Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 71.) On July 9, 2019, Petitioner

amended his § 2255 Motion to add a claim asserting that his conviction violates *Rehaif v. United States*, ___ U.S. ____, 139 S.Ct. 2191 (2019). (ECF No. 83.) On January 27, 2020, the Court dismissed all of Petitioner's claims with the exception of his claim of that he was denied the effective assistance of counsel during pretrial negotiations. (ECF No. 95.) On March 20, 2020, the Court appointed counsel to represent Petitioner at an evidentiary hearing on the issue and for resolution of the parties' factual dispute. On June 8, 2020, Petitioner moved to remove counsel and for leave to proceed *pro se* with standby counsel appointed. (ECF No. 101.) The undersigned granted that motion via notation order on June 10, 2020. (ECF No. 102.)

On December 10, 2020, Petitioner filed a Motion for Leave to Conduct Expanded Discovery Prior to Evidentiary Hearing. (ECF No. 104.) Respondent United States of America did not file a memorandum *contra*. On July 29, 2021, the undersigned conducted an evidentiary hearing on Petitioner's remaining claim (ECF No. 108.)

## II. STANDARD OF REVIEW

In order to obtain relief under 28 U.S.C. § 2255, a petitioner must establish the denial of a substantive right or defect in the trial that is "inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783 (1979); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (*per curiam*). Relief under 28 U.S.C. § 2255 is available when a federal sentence was imposed in violation of the Constitution or laws of the United States or when the trial court lacked jurisdiction, when the sentence was in excess of the maximum sentence allowed by law, or when the judgment or conviction is "otherwise subject to collateral attack." *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991) (quoting 28 U.S.C. § 2255). In the absence of constitutional error, the question is "whether the claimed error of law was a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Davis v.*

*United States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). However, "[a] § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances." *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996) (quoting *United States v. Brown*, No. 94-5917, 62 F.3d 1418 (TABLE), 1995 WL 465802, at *1 (6th Cir. Aug. 4, 1995) (citations omitted)). Further, non-constitutional claims not raised at trial or on direct appeal are waived on collateral review except where the errors amount to something akin to a denial of due process.

> Accordingly, claims that could have been raised on direct appeal, but were not, will not be entertained via a motion under § 2255 unless the petitioner shows: (1) cause and actual prejudice sufficient to excuse his failure to raise the claims previously or (2) that he is 'actually innocent' of the crime.

*Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)) (internal citations omitted)).

### III. ANALYSIS

As a threshold matter, Petitioner, in his Motion for Discovery, sought "[a]ny and all communication related to queries and conversations about Petitioner's prior convictions, armed career criminal inquiries, enhancements of Petitioner's base offense level for conduct associated with the firearm, questions about plea bargains, and/or all communications of the same with the government[.]" (Mot. 4, ECF No. 104, PageID #1033.) He asked that the Court "order the government and prior counsel to comply with his requests before the evidentiary hearing is scheduled and conducted." (*Id.* at PageID #1034.) Respondent did not oppose the Motion, and there is no record as to whether counsel or Respondent complied with this request. However, Petitioner did not renew his Motion at the evidentiary hearing; nor did he argue that Respondent or prior counsel had failed to comply with any document request or that he was unable to

proceed at the evidentiary hearing in the absence of outstanding discovery.  In light of the foregoing, Petitioner's Motion for Discovery is **DENIED AS MOOT**.

As set forth above, the sole remaining issue is whether trial counsel was ineffective in the pretrial negotiation stage.  "In all criminal prosecutions," the Sixth Amendment affords "the accused . . . the right . . . to Assistance of Counsel for his defence."  U.S. Const. amend. VI.  "Only a right to 'effective assistance of counsel' serves the guarantee."  *Couch v. Booker*, 632 F.3d 241, 245 (6th Cir. 2011) (citation omitted).  The United States Supreme Court set forth the legal principles governing claims of ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 668 (1984).  In order to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that counsel's performance was deficient, or that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed" by the Sixth Amendment, and that this deficient performance prejudiced the petitioner.  *Id*. at 687.  This showing requires that defense "counsel's errors were so serious as to deprive the defendant of a fair" and reliable trial.  *Id*.

In this case, Petitioner's ineffective-assistance-of-counsel claim was discussed at length in the original Report (Report 6-10, ECF No. 92, PageID #922-26); the undersigned incorporates that discussion by reference.  The constitutional guarantee of effective counsel extends to the plea bargaining context.  *Lafler v. Cooper*, 566 U.S. 156, 162 (2012); *Missouri v. Frye*, 566 U.S. 134, 144 (2012).  The attorney has a clear duty to advise a client of available options prior to waiving a constitutional right such as the right to proceed to trial.  *Smith v. United States*, 348 F.3d 545, 552 (6th Cir. 2003); *Miller v. Straub*, 299 F.3d 570, 580 (6th Cir. 2002).  However, as noted in the Report, "[a] defendant challenging his attorney's conduct during the plea-bargaining stage bears 'a heavy burden.'"  (Report 7, ECF No. 92, PageID #923, quoting *Whiting v. Burt*,

395 F.3d 602, 617 (6th Cir. 2005).)  To prevail, Petitioner "must show that counsel did not attempt to learn the facts of the case and failed to make a good-faith estimate of a likely sentence." *Short v. United States*, 471 F.3d 686, 692 (6th Cir. 2006) (internal quotation marks and citation omitted).

"[T]he record reflects factual disputes regarding (1) whether Petitioner would have accepted a guilty plea offer and (2) whether his attorneys properly advised him of the potential sentencing ramifications he faced." (Report 9, ECF No. 92, PageID #925.)  Specifically, Petitioner alleges that his attorneys misinformed him as to the applicability of the Armed Career Criminal Act, and thus, the length of the sentence, and to the applicability of the sentencing enhancement in Sentencing Guideline 2X1.1.  Consequently, Petitioner argues, he did not exercise his right to go to trial with full knowledge, and if he had had full knowledge, he might have pled guilty and, if he had done so, would be serving a shorter sentence. (Petition 34-35, ECF No. 71, PageID # 786-87.)

Petitioner's attorneys, Barshaunda Robinson and Rasheeda Khan, testified at the evidentiary hearing.  Robinson testified that Petitioner informed her that he would not agree to a plea agreement that did not have him released immediately.  Robinson approached the Assistant United States Attorney working on the case, Sal Dominguez, about a plea agreement that would not contain the four-level enhancement in Guideline 2X1.1; Dominguez then told her that would not be possible.  Robinson further testified that she understood the maximum sentence that Petitioner could receive was ten years imprisonment, and that she had communicated this understanding to Petitioner.  Petitioner, according to Robinson, opposed any continuance and demanded a speedy trial.

Rasheeda Khan, Petitioner's other trial attorney, also testified. She denied informing Petitioner or Maria Fisher Doyle, Petitioner's wife, that he would be prosecuted under the Armed Career Criminal Act of 1984. She stated that she discussed the four-level enhancement with Petitioner. Khan further testified that Petitioner had consistently maintained his innocence and insisted on a speedy trial over Khan's concerns. She stated that Petitioner had read the presentence report and knew that the maximum sentence was ten years, and at no point did he express that he would have pled guilty had he known that he was not subject to the ACCA.

Petitioner testified that Dominguez had informed Petitioner that he was subject to the ACCA and that Khan informed Fisher-Doyle that Petitioner was facing a potential sentence of fifteen years to life. He stated that he was not seeking immediate release, but rather a sentence of two years or less. It was only after his attorneys informed him that such a plea agreement was not possible, and that he was under the impression that he would be facing a minimum sentence of fifteen years, that he pushed to go to trial. Petitioner denied that counsel ever discussed with him the potential for any sentence enhancement due to conduct involving a firearm, but conceded that he was told by Robinson at the indictment stage that the maximum sentence he could receive was ten years. Petitioner further testified that he was aware that the ACCA was not mentioned in the presentence report, but was unaware that at the time of his review and of sentencing that his counsel had erred in informing that the ACCA did apply.

Based on hearing and reviewing the testimonies above, the undersigned concludes that counsel's performance in the pretrial plea negotiation stage was not deficient. In the context of the fundamental disagreement as to whether Petitioner was informed that the ACCA would apply, counsel's testimony is corroborated by the presentence report stating that the maximum sentence would be ten years (PSR, p. 3) and the absence of any mention of the ACCA therein.

Petitioner's testimony contains no such external corroboration.  Moreover, the maximum sentence detailed in the presentence report mirrored what Petitioner conceded he was initially told by Robinson.  The undersigned concludes that the testimonies of Robinson and Khan are more credible than that of Petitioner, and that counsel did not fail "to learn the facts of the case" or "make a good-faith estimate of a likely sentence." *Short*, 471 F.3d at 692.  Further, Robinson attempted to negotiate a plea agreement on Petitioner's behalf, but whether it was immediate release (counsel's recollection) or approximately two years (Petitioner's recollection), it is apparent from the testimony that no deal with a sentence anywhere close to that would be agreed to by the United States of America.  Thus, any deficient performance in the actual plea negotiation did not prejudice Petitioner, and an ineffective assistance of counsel claim cannot be sustained.  *Strickland*, 466 U.S. at 694.

For these reasons, the undersigned concludes that Petitioner has failed to establish the denial of effective assistance of counsel during the pretrial negotiation stage and therefore recommends that this action be dismissed.

## IV.  DISPOSITION

For the foregoing reasons, it is **ORDERED** that Petitioner's Motion for Expanded Discovery be **DENIED AS MOOT** and **RECOMMENDED** that this action be **DISMISSED.**

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those

7

portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

**IT IS SO ORDERED**.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE